# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**HENRY ORLANDO BROWN, #195918**                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 3:16-cv-220-HTW-LRA**

**WILLIE J. ANDERSON and BILLY PATRICK**                                              **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff Henry Orlando Brown, an inmate of the Mississippi Department of Corrections (MDOC), brings this pro se Complaint pursuant to 42 U.S.C. § 1983. Brown is proceeding *in forma pauperis* in this case. *See* Order [8]. The named Defendants are: Captain Willie J. Anderson, an investigator with the Scott County Sheriff's Department; and Sergeant Billy Patrick, an investigator with the Scott County Sheriff's Department. The Court, having liberally construed Brown's Complaint [1], Letter [5], and Response [10], in consideration with the applicable law, finds that this case should be dismissed.

**I.      Background**

Brown states that on February 11, 2015, he was convicted of burglary, felony malicious mischief and two counts of grand larceny by the Circuit Court for Scott County, Mississippi. As a result of these convictions, Brown is serving a 32-year term of imprisonment in the custody of the MDOC.

Brown asserts complaints regarding the validity of his criminal convictions and term of imprisonment. Specifically, Brown claims that Anderson and Patrick withheld information and documents from the grand jury, produced false documents at trial, and provided false testimony

before the grand jury and at his criminal trial. Brown states that his direct appeal of these convictions is pending before the Mississippi Supreme Court. As relief Brown states, "[a]ll I want is a fair trial" and for Anderson and Patrick "to pay for their unjust deeds - my false imprisonment." Pet. [1] at 4.

## II.     Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff Brown to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

### A.  Witness Immunity

"Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Witnesses in grand jury proceedings and criminal trials are entitled to absolute immunity against § 1983 suits. *Rehberg v. Paulk*, 132 S.Ct. 1497, 1506 (2012). Insofar as Brown claims Anderson and Patrick committed perjury or conspired to commit perjury during their grand jury testimony or their trial testimony, Brown's claims are barred by absolute immunity. *Id*. at 1506-07; *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277-78 (5th Cir. 2001) (finding absolute witness immunity bars § 1983 suits for conspiracy to commit perjury).

### B. *Heck v. Humphrey*

Regardless of Anderson and Patrick's witness immunity, Brown's claims challenging the validity of his criminal conviction are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, where a claim for damages or equitable relief would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction. *Id*. at 487; *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

Brown argues that his convictions are illegal and that he is unlawfully imprisoned. A finding in his favor would necessarily imply the invalidity of his sentence. Since Brown's direct appeal is pending before the Mississippi Supreme Court, it is clear that his convictions have not been invalidated by any of the means set forth in *Heck*. Therefore, Brown fails to meet the requirements to proceed with his claims under *Heck v. Humphrey*.[1] As such, Brown's claims will be dismissed with prejudice, until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding claims dismissed under *Heck* are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

### III.   Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action is dismissed as frivolous and as seeking relief against defendants who are immune

---

[1] To the extent Brown's request for "a fair trial" can be construed as seeking habeas corpus relief, the Court finds that Brown has not completed the exhaustion of his state court remedies as required to proceed in federal court. *See* 28 U.S.C. § 2254(b)(1); *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous);  *Boyd*, 31 F. 3d at 285 (affirming frivolous dismissal of § 1983 claim based on absolute immunity).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

    A Final Judgment in accordance with this Memorandum Opinion will be entered.

    SO ORDERED AND ADJUDGED, this the 31ST day of May, 2016.

    s/ HENRY T. WINGATE
    UNITED STATES DISTRICT JUDGE